By the Court, Bronson, J.
When several persons are bound by a joint, or joint and several obligation, the unqualified release of *462 one of the obligors will operate as a discharge to all of them. (Bronson v. Fitzhugh, 1 Hill, 185; 2 Salk. 574; 2 Saund. 47, note 1.) But where the obligors are only bound severally, the case does not come within the rule, and the release of one will not discharge the rest. (Mathewson v. Lydiate, Cro. Eliz. 408, 470, 546; Bac. Ab. tit. Release (G) 7th Lond, ed.) The shareholders of manufacturing corporations created under the act of 1811, are under a several and. not joint liability to the creditors of the company. This was settled when the case was before us on demurrer. (24 Wend. 473.) It follows, that the release of Tappan did not discharge the other shareholders.
If this had been a joint obligation, I am inclined to think that the “ act for the relief of partners and joint debtors,” (Stat. 1838, p. 243,) would not take the ease out of the operation of the common law rule in relation to the effect of an unqualified release. The statute seems not to contemplate the giving of a technical release to one of the partners or joint debtors; and if such an instrument may be safely executed, it should at the least be qualified by a reference to the statute, for the purpose of showing that the parties were acting under that authority. If there be no such reference, and the release is absolute in its terms, it will be difficult to limit the effect of the instrument so that it will not operate as a discharge of all the joint debtors. (Bronson v. Fitzhugh, 1 Hill, 185, and the cases there cited.) But that question is not necessarily involved in the case, as this liability was several and not joint.
The other questions in the cause were disposed of on the argument.
New trial denied.